# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **RAYMOND FRIERSON, ET AL.** | § | **PLAINTIFFS** |
| | § | |
| **V.** | § | **Civil No.1:08CV358HSO-JMR** |
| | § | |
| **DOLLAR GENERAL CORPORATION,** | § | **DEFENDANTS** |
| **and DOLGENCORP, INC.** | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion of Defendants Dollar General Corporation and Dolgencorp, Inc. ["Defendants"], for Summary Judgment, pursuant to FED. R. CIV. P. 56, filed on September 15, 2009 [41-1]. Plaintiffs have filed a Response and Defendants a Rebuttal. After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion must be denied, as disputed questions of material fact remain for trial.

## I. FACTS AND PROCEDURAL HISTORY

Maudie Frierson was shopping in the Dollar General store in Picayune, Mississippi, around lunchtime on January 23, 2008. Margaret Lee, an employee of Dolgencorp, Inc., was working at the store that day. Amanda Hamilton, employed as store manager for Dolgencorp, Inc., was also working on January 23, 2008.

According to the Complaint, Maudie Frierson was struck by a shopping cart which knocked her to the ground and caused her to strike her head, leg, and hip on the floor. *See* Compl. ¶ 7. Maudie Frierson allegedly died on February 13, 2008,

as a result of her injuries.

Plaintiff Raymond Frierson, as Executor of the Estate of his deceased mother Maudie Frierson, and Russell Frierson, individually, filed a Complaint for wrongful death on August 8, 2008.  Plaintiffs, as sole heirs-at-law, allege that Defendants were negligent in failing to maintain a proper lookout and negligently striking Maudie Frierson, causing her injuries which resulted in her death.  Defendants move the Court to grant summary judgment on the grounds that Plaintiffs have failed to produce evidence to establish the requisite elements of negligence, namely that Defendant knew or should have know of a condition dangerous to Maudie Frierson.

## II. DISCUSSION

### A.  Summary Judgment Standard

Rule  56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56.  The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).  The mere existence of a disputed factual issue does not foreclose summary judgment.  The dispute must be genuine,

and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* at 543 (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a properly supported motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F. Supp. 2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The non-movant may not rely on mere denials of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp. 2d at 543.

With respect to Plaintiffs' negligence claims, in order to establish a *prima facie* case of general negligence, they must prove the existence of a duty on the part of Defendants to conform to a specific standard of conduct, a breach of that duty,

that the breach of duty was the proximate cause of Plaintiffs' injury, and that

Plaintiffs suffered damages as a result. *See Dickey v. Baptist Memorial*

*Hospital-North,* 146 F.3d 262, 265 (5th Cir. 1998).

B. <u>Defendants' Motion for Summary Judgment</u>

In its Motion, Defendants argue that there is no genuine issue as to any

material fact in this matter and that they are entitled to judgment as a matter of

law. *See* Defs.' Mem. in support of Mot. for Summ. J., p. 9. According to

Defendants, on January 23, 2008, employee Lee was moving stock and manager

Hamilton was acting as cashier. Lee, while transporting a small box of candy,

approximately 2 feet wide and 1 ½ feet deep, rounded the corner of an aisle at

exactly the same time Ms. Frierson rounded the same corner from the adjacent

aisle, and the two bumped into each other. *See* Dep. of Margaret Lee att. as

Exhibit "A" to Defs.' Mot. for Summ. J., p. 14-17. Lee testified that she did not

observe Maudie Frierson in the store until after she ran into her. *Id.* at p. 14-17.

Lee further testified that when she ran into Maudie Frierson, Frierson fell to the

floor. *Id.* at p. 14-17. Defendants maintain that at no time was a shopping cart

present in the aisle. *See* Dep. of Sheila Seal, att. as Ex. "C" to Defs.' Mot. for Summ.

J, p. 25; *see also* Dep. of Amanda Hamilton att. as Exhibit "B" to Defs.' Mot. for

Summ. J., pp. 77-78.

Plaintiffs submit that Maudie Frierson was an active 87 year old widow who

cared for herself, drove, and generally enjoyed an independent life. They contend

that Defendants cannot "run down" Maudie Frierson, with a cart or by an employee carrying stock, without liability for negligence.   Plaintiffs point to the fact that Lee, as an employee, knew that her duties at Dollar General included knowing where customers were in the store and keeping a proper lookout for customers.  *See* Dep. of Margaret Lee att. as Exhibit "A" to Defs.' Mot. for Summ. J., p. 29.  As for their premises liability claims, which they maintain are in addition to their general negligence allegations, Plaintiffs submit that Dollar General's store policy suggested that the store be stocked early in the morning or late at night when "there may be fewer customers." Ex. 10, att. to Pls.' Mem. Resp. to Defs.' Mot. for Summ. J.

In the present case, there is conflicting evidence before the Court which raises disputed questions of material fact.  For instance, at least at this stage, there appears to be a fact question as to whether or not Ms. Lee exercised ordinary care in maintaining a proper lookout prior to the accident.  These and other factual disputes are for a jury to resolve.  Thus, summary judgment would be improper.

### III.  CONCLUSION

Based upon the present record before it, the Court concludes that there remain material fact questions for jury resolution.  Defendants' Motion for Summary Judgment must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, Defendants' Motion for Summary Judgment, filed September 15,

2009, pursuant to Fed. R. Civ. P. 56 [41-1], should be and hereby is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 5th day of November, 2009.

_s/ Halil Suleyman Ozerden_

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE